UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE JOHN GREER, | No. C 10-2380 SBA (PR) |
| Petitioner, | **ORDER LIFTING STAY; REOPENING ACTION; AND SETTING NEW BRIEFING SCHEDULE** |
| v. | |
| W. L. MONTGOMERY, Acting Warden, | |
| Respondent. | |

On May 28, 2010, Petitioner Lee John Greer filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the Contra Costa County Superior Court. Dkt. 1. On the same date, Petitioner moved for a stay of these proceedings on the ground that his state court habeas proceedings were still pending. Dkt. 3.

On June 25, 2010, the Court granted Petitioner's request for a stay while he continued to exhaust his administrative remedies, as to the claims he did not raise on direct review, and the case was administratively closed. Dkt. 4. In its Order, the Court required Petitioner to file quarterly reports describing the progress of his state court habeas proceedings until those proceedings were concluded.

In accordance with the Court's Order, Petitioner filed status reports indicating that the state courts had not ruled on his state habeas petition. Dkts. 5, 6. On September 16, 2011, Petitioner filed a letter requesting that this Court lift the stay and order briefing on his federal habeas petition. Dkt. 7. On October 25, 2011, the Court issued an Order Directing Petitioner to File an Amended Petition. Dkt. 8. In that Order, the Court noted that Petitioner's letter requesting that the stay be lifted did not indicate that his state court habeas proceedings had concluded. The Court directed Petitioner to file an amended petition incorporating the newly-exhausted claims and specifically indicating whether his state court habeas proceedings had concluded.

Petitioner filed a timely amended petition. Dkt. 9. However, he did not indicate

whether his state court habeas proceedings had concluded. The Court notes that Petitioner attached the habeas denial issued by the Contra Costa County Superior Court; however, he failed to indicate whether he presented his unexhausted claims to the California Supreme Court.

Petitioner has failed to properly respond to the Court's request to file a notice about the status of his state court habeas proceedings. At the same time, it is apparent from Petitioner's letter (dkt. 7) that he desires to proceed with his federal petition, including his original exhausted claims. Because the stay was granted at Petitioner's request, the Court finds there is no prejudice to Respondent in lifting the stay. Therefore, the Court GRANTS Petitioner's request to lift the stay and reopen the case. Petitioner may now proceed with the amended petition (dkt. 9), which is the operative pleading in this action.

Good cause appearing, the Court hereby issues the following orders:

1. The stay is lifted and the Clerk of the Court shall reopen the action.

2. The Clerk is directed to mark Petitioner's amended petition as his "Amended Petition," file-stamped with the date it was received.

3. The Clerk shall serve a copy of this Order and the amended petition and all attachments thereto (dkt. 9.) upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner at his current address.

4. Respondent shall file with this Court and serve upon Petitioner, within **twenty-eight (28) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the amended petition.

5. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **twenty-eight (28) days** of his

receipt of the Answer. Should Petitioner fail to do so, the amended petition will be deemed submitted and ready for decision **twenty-eight (28) days** after the date Petitioner is served with Respondent's Answer.

6. Respondent may file with this Court and serve upon Petitioner, within **twenty-eight (28) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

7. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

8. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

9. W. L. Montgomery, the current acting warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: 5/30/2014

SAUNDRA BROWN ARMSTRONG
United States District Judge

Case 4:10-cv-02380-SBA   Document 17   Filed 06/03/14   Page 4 of 4