UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

LEE JOHN GREER,

        Petitioner,

v.

DAVID BAUGHMAN, Acting Warden,[1]

        Respondent.

Case No: C 10-02380 SBA (PR)

**ORDER DIRECTING RESPONDENT TO SHOW CAUSE WHY SECOND AMENDED PETITION SHOULD NOT BE GRANTED AS TO SIX EXHAUSTED CLAIMS**

      In response to the Court's May 9, 2016 Order Granting Respondent's Motion to Dismiss; and Directing Petitioner to File Second Amended Petition ("SAP"), Petitioner Lee John Greer has filed his SAP. Dkt. 25. In light of Petitioner's deletion of his unexhausted claims, the SAP appears to contain only his six exhausted claims, which should be addressed on the merits. The Court now sets the following new schedule for the parties to file their briefs:

      1.     Respondent shall file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued as to the aforementioned six exhausted claims. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the SAP.

      2.     If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer. Should Petitioner fail to do so, the SAP will be deemed submitted and

---

[1] David Baughman, the current acting warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

ready for decision **sixty (60) days** after the date Petitioner is served with Respondent's Answer.

3. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding pro se whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. See L.R. 3-11(a). The Court may dismiss a pro se action without prejudice when: (1) mail directed to the pro se party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the pro se party indicating a current address. See L.R. 3-11(b); see also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Federal Rule of Civil Procedure 41(b) applicable in habeas cases).

Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

4. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated: 6/14/16

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

P:\PRO-SE\SBA\HC.10\Greer2380.OSC-afterSAPfiled.docx

2